J-A09019-19

2019 PA Super 257

| | | |
|---|---|---|
| DANIEL PORTER AND CAROLYN PORTER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL PA II, L.P., TOLL PA GP, CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE, I, P.A. AND ANDERSEN WINDOWS, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS., INC. TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC ANDTOLL ARCHITECTURE I, P.A. | : | No. 894 EDA 2018 |

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  September Term, 2017, No. 01002

| | | |
|---|---|---|
| MANOJ PRASAD AND CHETANA PRASAD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND ANDERSEN WINDOWS, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC.,  TOLL PA II, L.P., TOLL PA GP CORP., TOLL | : | |
| | : | |

ARCHITECTURE, INC., AND TOLL : No. 895 EDA 2018
ARCHITECTURE I, P.A.,

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Sept. Term 2017 Case ID: 170901803


MATTHEW O'DONNELL AND JILL : IN THE SUPERIOR COURT OF
O'DONNELL : PENNSYLVANIA
:
:
:
v. :
:
:
:
TOLL BROTHERS, INC., TOLL BROS, :
INC., TOLL PA, L.P., TOLL PA GP :
CORP., TOLL ARCHITECTURE, INC., :
AND TOLL ARCHITECTURE I, P.A., :
AND ANDERSEN WINDOWS, INC. :
:
:
:
APPEAL OF: TOLL BROTHERS, INC., :
TOLL BROS, INC., TOLL PA , L.P., :
TOLL PA GP CORP., TOLL :
ARCHITECTURE, INC., AND TOLL :
ARCHITECTURE I, P.A., : No. 897 EDA 2018

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Sept. Term 2017 Case ID: 1709


RICHARD ORLANDO AND KRISTIN : IN THE SUPERIOR COURT OF
ORLANDO : PENNSYLVANIA
:
:
:
v. :
:
:
:
TOLL BROTHERS, INC., TOLL BROS, :
INC., TOLL PA, L.P., TOLL PA GP :
CORP., TOLL ARCHITECTURE, INC., :

AND TOLL ARCHITECTURE I, P.A.,                    :
AND ANDERSEN WINDOWS, INC.                  :
                                                                     :
                                                                     :
APPEAL OF: TOLL BROTHERS, INC.,            :
TOLL BROS, INC.,  TOLL PA , L.P.,              :
TOLL PA GP CORP., TOLL                            :
ARCHITECTURE, INC., AND TOLL                  :
ARCHITECTURE I, P.A.,                               :     No. 898 EDA 2018

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Oct. Term 2017 Case ID: 171003573


JOSHUA M. OWEN AND  ALLISON R.      :      IN THE SUPERIOR COURT OF
OWEN                                                       :               PENNSYLVANIA
                                                                     :
                                                                     :
                                                                     :
                  v.                                             :
                                                                     :
                                                                     :
                                                                     :
TOLL BROTHERS, INC., TOLL BROS,       :
INC., TOLL PA II, L.P., TOLL PA GP          :
CORP., TOLL ARCHITECTURE, INC.,        :
AND TOLL ARCHITECTURE I, P.A.,           :
AND ANDERSEN WINDOWS, INC.            :
                                                                     :
                                                                     :
APPEAL OF: TOLL BROTHERS, INC.,        :
TOLL BROS, INC.,  TOLL PA II, L.P.,         :
TOLL PA GP CORP., TOLL                          :
ARCHITECTURE, INC., AND TOLL               :
ARCHITECTURE I, P.A.,                              :     No. 899 EDA 2018

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sept. Term 2017 Case ID: 170901823


RAJESH PARNERKAR AND SHILPA         :      IN THE SUPERIOR COURT OF
PARNERKAR                                               :               PENNSYLVANIA
                                                                     :

J-A09019-19

|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| TOLL BROTHERS, INC., TOLL BROS, | : |  |
| INC., TOLL PA II, L.P., TOLL PA GP | : |  |
| CORP., TOLL ARCHITECTURE, INC., | : |  |
| AND TOLL ARCHITECTURE I, P.A., | : |  |
| AND ANDERSEN WINDOWS, INC. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| APPEAL OF: TOLL BROTHERS, INC., | : |  |
| TOLL BROS, INC.,  TOLL PA II, L.P., | : |  |
| TOLL PA GP CORP., TOLL | : |  |
| ARCHITECTURE, INC., AND TOLL | : |  |
| ARCHITECTURE I, P.A., | : | No. 900 EDA 2018 |

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Oct. Term 2017, Case ID: 171003574

| ROBERT T. ROSS AND  DAWN D. | : | IN THE SUPERIOR COURT OF |
| ROSS | : | PENNSYLVANIA |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| TOLL BROTHERS, INC., TOLL BROS, | : |  |
| INC., TOLL PA II, L.P., TOLL PA GP | : |  |
| CORP., TOLL ARCHITECTURE, INC., | : |  |
| AND TOLL ARCHITECTURE I, P.A., | : |  |
| AND ANDERSEN WINDOWS, INC. | : |  |
|  | : |  |
|  | : |  |
| APPEAL OF: TOLL BROTHERS, INC., | : |  |
| TOLL BROS, INC.,  TOLL PA II, L.P., | : |  |
| TOLL PA GP CORP., TOLL | : |  |
| ARCHITECTURE, INC., AND TOLL | : |  |
| ARCHITECTURE I, P.A., | : | No. 901 EDA 2018 |

- 4 -

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Sept. Term 2017 Case ID: 170901815

| | | |
|---|---|---|
| JOSEPH A. SAMARCO AND LORI LYNN SAMARCO | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND ANDERSEN WINDOWS, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 902 EDA 2018 |

Appeal from the Order March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Sept. Term 2017 Case ID: 170901903

| | | |
|---|---|---|
| ANDREW TURK | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND ANDERSEN WINDOWS, INC. | : | |
| | : | |

- 5 -

J-A09019-19

```
                                    :
APPEAL OF: TOLL BROTHERS, INC.,     :
TOLL BROS, INC.,  TOLL PA , L.P.,   :
TOLL PA GP CORP., TOLL              :
ARCHITECTURE, INC., AND TOLL        :
ARCHITECTURE I, P.A.,               :    No. 903 EDA 2018
```

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Oct. Term 2017 Case ID: 171003572

```
VENKA REDDY SUNKARA AND         :    IN THE SUPERIOR COURT OF
ANITHA BADVELU SUNKARA          :          PENNSYLVANIA
                                :
                                :
                                :
             v.                 :
                                :
                                :
                                :
TOLL BROTHERS, INC., TOLL BROS, :
INC., TOLL PA II, L.P., TOLL PA GP :
CORP., TOLL ARCHITECTURE, INC., :
AND TOLL ARCHITECTURE I, P.A.,  :
AND ANDERSEN WINDOWS, INC.      :
                                :
                                :
APPEAL OF: TOLL BROTHERS, INC., :
TOLL BROS, INC.,  TOLL PA II, L.P., :
TOLL PA GP CORP., TOLL          :
ARCHITECTURE, INC., AND TOLL    :
ARCHITECTURE I, P.A.,           :    No. 904 EDA 2018
```

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sep. Term 2017 Case ID: 171003549

```
IGOR ZAVALNY AND TAMARA         :    IN THE SUPERIOR COURT OF
VOLKOVA                         :          PENNSYLVANIA
                                :
                                :
                                :
             v.                 :
                                :
```

- 6 -

|  | : |  |
| --- | --- | --- |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND ANDERSEN WINDOWS, INC. | : : : : : | |
|  | : : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC.,  TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., | : : : : : | No. 905 EDA 2018 |

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Oct. Term 2017 Case ID: 171003433

| TIMOTHY WELCH AND CYNTHIA WELCH | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
|  | : : | |
| v. | : | |
|  | : : | |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA, L.P., & TOLL PA GP CORP., | : : : | |
|  | : : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC.,  TOLL PA , L.P.,  & TOLL PA GP CORP., | : : : | No. 906 EDA 2018 |

Appeal from the Order Entered March 8, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Nov. Term 2016 Case ID: 161100904

| MICHAEL A. ZISKIND AND INGRID C. ZISKIND | : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| --- | --- | --- |
|  | : | |

- 7 -

|  |  |
|---|---|
| v. | : |
|  | : |
|  | : |
|  | : |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA , L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., | : |
|  | : |
|  | : |
|  | : |
|  | :     No. 907 EDA 2018 |

Appeal from the Order Entered March 8, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Nov. Term 2016 Case ID: 161101721


| MICHAEL MILEY AND JENNIFER MILEY | :     IN THE SUPERIOR COURT OF |
|---|---|
|  | :           PENNSYLVANIA |
|  | : |
|  | : |
| v. | : |
|  | : |
|  | : |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND ANDERSEN WINDOWS, INC. | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |
|  | : |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC.,  TOLL PA II, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., | : |
|  | : |
|  | : |
|  | : |
|  | :     No. 908 EDA 2018 |

- 8 -

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Sept. Term 2017 Case ID: 170901824

| | | |
|---|---|---|
| BRETT ADAMS, JILL O'DONNELL, JASON TEPFENHARDT, JESSICA TEPFENHARDT, JAMES WIEGERS & ANN MARIE WIEGERS | : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA , L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND ANDERSEN WINDOWS, INC. | : : : : : : : : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA , L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., | : : : : : : : | No. 909 EDA 2018 |

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Jan. Term 2017 Case ID: 170101225

| | | |
|---|---|---|
| BRIAN G. BENTRIM AND CATHERINE S. BENTRIM | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA, L.P., TOLL PA GP | : : | |

CORP., TOLL ARCHITECTURE, INC.,      :
AND TOLL ARCHITECTURE I, P.A.,        :
AND ANDERSEN WINDOWS, INC.           :
                                     :
                                     :
                                     :
APPEAL OF: TOLL BROTHERS, INC.,      :
TOLL BROS, INC.,  TOLL PA , L.P.,    :
TOLL PA GP CORP., TOLL               :
ARCHITECTURE, INC., AND TOLL         :
ARCHITECTURE I, P.A.,                :   No. 910 EDA 2018

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Oct. Term 2017 Case ID: 171002359

AARON CARLSON AND SUZANNE    :   IN THE SUPERIOR COURT OF
CARLSON                      :        PENNSYLVANIA
                             :
                             :
                             :
          v.                 :
                             :
                             :
                             :
TOLL BROTHERS, INC., TOLL BROS,   :
INC., TOLL PA II, L.P., TOLL PA GP :
CORP., TOLL ARCHITECTURE, INC.,   :
AND TOLL ARCHITECTURE I, P.A.,    :
AND ANDERSEN WINDOWS, INC.        :
                                  :
                                  :
                                  :
APPEAL OF: TOLL BROTHERS, INC.,   :
TOLL BROS, INC.,  TOLL PA II, L.P., :
TOLL PA GP CORP., TOLL            :
ARCHITECTURE, INC., AND TOLL      :
ARCHITECTURE I, P.A.,             :   No. 911 EDA 2018

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sept. Term 2017 Case ID: 170901005

BENJAMIN LACSON AND EVELYN    :   IN THE SUPERIOR COURT OF
LACSON                        :        PENNSYLVANIA

- 10 -

|  | : |  |
| --- | --- | --- |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| TOLL BROTHERS, INC., TOLL BROS, | : |  |
| INC., TOLL PA, L.P., TOLL PA GP | : |  |
| CORP., TOLL ARCHITECTURE, INC., | : |  |
| AND TOLL ARCHITECTURE I, P.A., | : |  |
| AND ANDERSEN WINDOWS, INC. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |
| APPEAL OF: TOLL BROTHERS, INC., | : |  |
| TOLL BROS, INC.,  TOLL PA , L.P., | : |  |
| TOLL PA GP CORP., TOLL | : |  |
| ARCHITECTURE, INC., AND TOLL | : |  |
| ARCHITECTURE I, P.A., | : | No. 912 EDA 2018 |

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Oct. Term 2017, Case ID: 171003576

| JULIAN CASTANEDA AND BRENNA | : | IN THE SUPERIOR COURT OF |
| --- | --- | --- |
| CASTANEDA | : | PENNSYLVANIA |
|  | : |  |
|  | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| TOLL BROTHERS, INC., TOLL BROS, | : |  |
| INC., TOLL PA IV, L.P., TOLL PA GP | : |  |
| CORP., TOLL ARCHITECTURE, INC., | : |  |
| AND TOLL ARCHITECTURE I, P.A., | : |  |
| AND ANDERSEN WINDOWS, INC. | : |  |
|  | : |  |
|  | : |  |
| APPEAL OF: TOLL BROTHERS, INC., | : |  |
| TOLL BROS, INC., TOLL PA IV, L.P., | : |  |
| TOLL PA GP CORP., TOLL | : |  |
| ARCHITECTURE, INC., AND TOLL | : |  |
| ARCHITECTURE I, P.A., | : | No. 913 EDA 2018 |

- 11 -

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Oct. Term 2017 Case ID: 171003533

| JOHN J. COFFEY AND EILEEN COFFEY | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS, | : | |
| INC., TOLL PA II, L.P., TOLL PA GP | : | |
| CORP., TOLL ARCHITECTURE, INC., | : | |
| AND TOLL ARCHITECTURE I, P.A., | : | |
| AND ANDERSEN WINDOWS, INC. | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., | : | |
| TOLL BROS, INC., TOLL PA II, L.P., | : | |
| TOLL PA GP CORP., TOLL | : | |
| ARCHITECTURE, INC., AND TOLL | : | |
| ARCHITECTURE I, P.A., | : | No. 914 EDA 2018 |

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sept. Term 2017 Case ID: 170901200

| JAMES COOKE AND TRACY COOKE | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :--- |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS, | : | |
| INC., TOLL PA VI, L.P., TOLL PA GP | : | |
| CORP., TOLL ARCHITECTURE, INC., | : | |
| AND TOLL ARCHITECTURE I, P.A., | : | |
| AND ANDERSEN WINDOWS, INC. | : | |
| | : | |
| | : | |
| | : | |

APPEAL OF: TOLL BROTHERS, INC.,   :
TOLL BROS, INC., TOLL PA VI, L.P.,   :
TOLL PA GP CORP., TOLL   :
ARCHITECTURE, INC., AND TOLL   :
ARCHITECTURE I, P.A.,   :   No. 915 EDA 2018

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sept. Term 2017 Case ID: 170903045

THOMAS DEANGELO AND CAGLAYAN   :   IN THE SUPERIOR COURT OF
DEANGELO   :   PENNSYLVANIA
   :
   :
   :
      v.   :
   :
   :
TOLL BROTHERS, INC., TOLL BROS,   :
INC., TOLL PA II, L.P., TOLL PA GP   :
CORP., TOLL ARCHITECTURE, INC.,   :
AND TOLL ARCHITECTURE I, P.A.,   :
AND ANDERSEN WINDOWS, INC.   :
   :
   :
APPEAL OF: TOLL BROTHERS, INC.,   :
TOLL BROS, INC., TOLL PA II, L.P.,   :
TOLL PA GP CORP., TOLL   :
ARCHITECTURE, INC., AND TOLL   :
ARCHITECTURE I, P.A.,   :   No. 916 EDA 2018

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sept. Term 2017 Case ID: 170901003

JAMES COY AND DENISE COY   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
   :
      v.   :
   :
   :
   :
   :

- 13 -

TOLL BROTHERS, INC., TOLL BROS, : 
INC., TOLL PA, L.P., TOLL PA GP : 
CORP., TOLL ARCHITECTURE, INC., : 
AND TOLL ARCHITECTURE I, P.A., : 
AND ANDERSEN WINDOWS, INC. : 
: 
: 
: 
APPEAL OF: TOLL BROTHERS, INC., : 
TOLL BROS, INC., TOLL PA,  L.P., : 
TOLL PA GP CORP., TOLL : 
ARCHITECTURE, INC., AND TOLL : No. 917 EDA 2018 
ARCHITECTURE I, P.A., 

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sept. Term 2017 Case ID: 170901196


TODD ELLIOTT AND  JUDITH : IN THE SUPERIOR COURT OF 
ELLIOTT : PENNSYLVANIA 
: 
: 
: 
v. : 
: 
: 
: 
TOLL BROTHERS, INC., TOLL BROS, : 
INC., TOLL PA II, L.P., TOLL PA GP : 
CORP., TOLL ARCHITECTURE, INC., : 
AND TOLL ARCHITECTURE I, P.A., : 
AND ANDERSEN WINDOWS, INC. : 
: 
: 
APPEAL OF: TOLL BROTHERS, INC., : 
TOLL BROS, INC., TOLL PA II, L.P., : 
TOLL PA GP CORP., TOLL : 
ARCHITECTURE, INC., AND TOLL : No. 918 EDA 2018 
ARCHITECTURE I, P.A., 

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  Sept. Term 2017 Case ID: 170901907

| ROBERT KASPROW AND LAURA KASPROW | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., AND ANDERSEN WINDOWS, INC. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL BROS, INC., TOLL PA, L.P., TOLL PA GP CORP., TOLL ARCHITECTURE, INC., AND TOLL ARCHITECTURE I, P.A., | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 919 EDA 2018 |

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): Sept. Term 2017 Case ID: 170902048

| FURRUKH MUNAWAR AND AAIYSHA MUNAWAR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TOLL BROTHERS, INC., TOLL PA, II, L.P., TOLL PA GP CORP., TOLL BROS., INC., TOLL ARCHITECTURE, INC., TOLL ARCHITECTURE I, P.A., AND ANDERSON WINDOWS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: TOLL BROTHERS, INC., TOLL PA II, L.P., (IMPROPERLY PLED AS TOLL PA, II, L.P.,) TOLL PA GP CORP., TOLL BROS., INC., TOLL | : | |
| | : | |
| | : | |
| | : | |
| | : | |

- 15 -

ARCHITECTURE, INC. AND TOLL : No. 920 EDA 2018
ARCHITECTURE, I., P.A.

Appeal from the Order Entered March 1, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 171003571


KEVIN MARCIANO AND ANGELA     :     IN THE SUPERIOR COURT OF
MARCIANO                      :            PENNSYLVANIA
                              :
                              :
                              :
          v.                  :
                              :
                              :
                              :
TOLL BROTHERS INC., TOLL BROS,  :
INC., TOLL PA II, L.P., TOLL PA. GP  :
CORP., AND ANDERSEN WINDOWS,  :
INC.                          :
                              :
                              :
APPEAL OF: TOLL BROTHERS INC.,  :
TOLL BROS, INC., TOLL PA II, L.P.,  :
TOLL PA. GP CORP.             :     No. 1640 EDA 2018

Appeal from the Order Dated April 30, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  September Term, 2017, No. 170903704


JAMES WOJNICKI AND KIMBERLY   :     IN THE SUPERIOR COURT OF
WOJNICKI                      :            PENNSYLVANIA
                              :
                              :
                              :
          v.                  :
                              :
                              :
                              :
TOLL BROTHERS, INC., TOLL PA,  :
L.P., TOLL PA GP CORP., TOLL BROS,  :
INC., AND ANDERSEN WINDOWS,   :
INC.,                         :
                              :
                              :
                              :

APPEAL OF:  TOLL BROTHERS, INC.,    :
TOLL PA, L.P., TOLL PA GP CORP.,    :
TOLL BROS, INC.                     :
(COLLECTIVELY, THE "TOLL            :
DEFENDANTS)                         :
                                    :
                                    :   No. 1912 EDA 2018

Appeal from the Order Dated May 22, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02349 February Term, 2018


MENG KOUCH AND LISA C. KOUCH     :   IN THE SUPERIOR COURT OF
                                 :         PENNSYLVANIA
                                 :
                                 :
        v.                       :
                                 :
                                 :
                                 :
TOLL BROTHERS, INC., TOLL PA,    :
L.P., TOLL PA II, L.P., TOLL PA GP :
CORP., TOLL BROS, INC., AND      :
ANDERSEN WINDOWS,  INC.,         :
APPEAL:  TOLL BROTHERS, INC.,    :
TOLL PA II, L.P., TOLL PA, L.P., TOLL :
PA GP CORP., AND TOLL BROS., INC. :
(COLLECTIVELY, THE "TOLL         :
DEFENDANTS")                     :   No. 1913 EDA 2018
                                 :


Appeal from the Order Dated May 22, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  02432 March Term, 2018


JAMES MCFADDEN V. TOLL        :   IN THE SUPERIOR COURT OF
BROTHERS, INC., TOLL PA, L.P., :         PENNSYLVANIA
TOLL PA GP CORP., TOLL BROS,   :
INC., AND ANDERSEN WINDOWS,    :
INC.                          :
                              :
                              :
                              :

J-A09019-19

APPEAL OF: TOLL BROTHERS, INC.,    :
TOLL PA, L.P., TOLL PA GP CORP.,   :
TOLL BROS, INC., AND ANDERSEN  :
WINDOWS, INC.              :   No. 2869 EDA 2018

Appeal from the Order Entered August 14, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  180502212

BEFORE:   KUNSELMAN, J., MURRAY, J., and PELLEGRINI*, J.

OPINION BY MURRAY, J.:                          **FILED AUGUST 21, 2019**

In this consolidated appeal, Toll Brothers, Inc., Toll PA II, L.P., Toll PA GP, Corp., Toll Architecture, Inc., and Toll Architecture, I, P.A., (collectively, Appellant) appeals from the trial court's orders denying Appellant's petitions to compel arbitration.[1]  Appellant avers that the trial court erred in finding that the plaintiffs (Appellees), all of whom were subsequent purchasers of homes built and originally sold by Appellant, were not bound by mandatory arbitration clauses in the warranties extended by Appellant to the original purchasers of the homes.[2]  Upon review, we affirm.

Appellant is a builder and seller of residential homes.  Between October

_____

* Retired Senior Judge assigned to the Superior Court.

[1] A party may appeal from an order denying a petition to compel arbitration. ***Pisano v. Extendicare Homes***, ***Inc.***, 77 A.3d 651, 654 (Pa. Super. 2013).

[2] The other defendant in these cases, Andersen Windows, has notified this Court by correspondence dated November 29, 2018, that it would not file an appellate brief.

2002 and January 2005, Appellant entered into sale agreements with the original purchasers of the 30 homes at issue. Appellant's Brief at 15. Separate from the sale agreements, Appellant offered a written 10-year warranty for repairs[3] for the benefit of the "homeowner." *See, e.g., Porter v. Toll Brothers, Inc.*, 894 EDA 2018, Appellant's Memorandum of Law in Support of Petition to Compel Arbitration & Stay Judicial Proceedings, Exhibit 2 (Limited Warranty) at 1, 13. Section IX ("Definitions") of the warranty defined "homeowner" as:

> the first person to whom a home . . . is sold . . . and such person's successors in title to the home . . . **provided a Subsequent Home Buyer Acknowledgement and Assignment form (TB Form 1302) is signed by the subsequent homeowner**.

Limited Warranty at 12 (some capitalization removed and emphasis added); *see also* Trial Court Opinion, *Porter*, 7/24/18, at 2. Section VIII was titled "General Conditions." Sub-section VIII(B) addressed subsequent purchasers:

> **Transfer to Subsequent Homeowners**
>
> You **may** transfer this limited warranty to new owner's [sic] of the home for the remainder of the warranty coverage period **provided that you or the new owners notify the warranty program administrator in writing, utilizing the Subsequent Home Buyer Acknowledgement and Assignment Form [(TB Form No. 1302)]** attached to this limited warranty after ownership is transferred. Our duties under this limited warranty to the new homeowner will not exceed the limit of liability then remaining, if any.

---

[3] The warranty specifically excluded damage resulting from moisture, corrosion, mildew, and defects arising from building code violations. Limited Warranty at 4-5.

Limited Warranty at 9 (some capitalization removed and emphases added);

*see also* Trial Court Opinion, **Porter**, 7/24/18, at 3. Sub-section VIII(E)

reiterating the requirements of VIII(B): "This limited warranty is to be binding

on you and us. It is also binding on your and our heirs, executors,

administrators, successors, and assigns, **subject to paragraph B**." Limited

Warranty at 9 (some capitalization removed and emphasis added); *see also*

Trial Court Opinion, **Porter**, 7/24/18, at 3.

The Subsequent Home Buyer Acknowledgement and Assignment form,

or TB Form No. 1302, was included in the warranty and stated:

> **Upon execution of this form** any coverage remaining under the limited warranty applicable to the home as specified on the Limited Warranty Coverage Validation Form is transferred to the subsequent homeowner. Any obligations under the limited warranty to any subsequent homeowner shall not exceed the limit of liability remaining at the time of transfer, if any.

Limited Warranty at 37 (some capitalization removed and emphases added);

*see also* Trial Court Opinion, **Porter**, 7/24/18, at 3-4. The form included a

mandatory arbitration clause:[4]

> I/we acknowledge and agree all disputes under and relating to the limited warranty (including disputes on which issues shall be submitted to arbitration; alleged breach of the limited warranty; and alleged violations of statutes or regulations relating to consumer protection or unfair trade practices) shall be submitted to binding arbitration before an independent third party arbitration organization. . . .

---

[4] The sale agreements between Appellant and the original purchasers also included a mandatory arbitration clause, but Appellant does not rely on those provisions in this appeal.

*Id.* (some capitalization removed).  The form included a signature line for the subsequent purchaser and instructed the subsequent purchaser to mail the form (and a copy of the settlement or closing documents) to the warranty program administrator.  *Id.* at 4.

As stated above, Appellees are the subsequent purchasers of the 30 homes.  Appellees experienced "water infiltration issues such as condensation and leaking at various windows in their home[s]."  Trial Court Opinion, ***Ziskind v. Toll Brothers, Inc.***, 907 EDA 2018, 7/28/18, at 1.  Estimates to repair the damages (mold, rotting wood and other water infiltration issues) generally exceeded $100,000.  It is undisputed that no Appellee had executed TB Form 1302.

Between September 2017 and March 2018, Appellees each filed a complaint in the Philadelphia Court of Common Pleas against Appellant and Andersen Windows, generally alleging construction defects in their homes and raising, variously, counts of unfair trade practices,[5] negligent misrepresentation, fraud, and negligence.  Trial Court Opinion, ***Ziskind***, at 2. Appellant filed a petition to compel arbitration in every case, arguing:  (1) the home warranty transferred from the original purchasers to Appellees and thus Appellees were third-party beneficiaries of the warranties; and (2) all of Appellees' rights against Appellant arise from the home warranty, which

---

[5] ***See*** Unfair Trade Practices & Consumer Protection Law (UTPCPL), 73 P.S. §§ 201-1 to 201-9.3.

requires that disputes be resolved by arbitration. ***See e.g.,*** Appellant's Petition to Compel Arbitration & Stay Judicial Proceedings, ***Porter***, 11/1/17, at 2.

Twenty-seven of Appellant's thirty petitions were assigned to the Honorable Arnold New for disposition, two petitions were assigned to the Honorable Denis Cohen, and one was assigned to the Honorable Shelley Robins New. The judges (collectively, the trial court) denied all of Appellant's petitions to compel arbitration. Judge New issued an opinion in ***Porter*** and adopted it in the twenty-six cases also before him. Judge Robins New filed an opinion in ***Marciano v. Toll Brothers, Inc.***, 1640 EDA 2018. Judge Cohen filed opinions in ***Ziskind*** and ***Welch v. Toll Brothers, Inc.***, 906 EDA 2018. Generally, the trial court rejected Appellant's contention that Appellees were bound by the warranty as third-party beneficiaries. It also reasoned that the plain language of the warranty required, as a "condition precedent" for transference of the warranty to a subsequent purchaser, that the subsequent home purchaser execute TB Form No. 1302. The trial court found that because no Appellee had executed the form, Appellees had not agreed to, and were not bound by, the warranty. The court also rejected Appellant's claims that Appellees were bound by the warranty under the doctrine of equitable estoppel, where Appellees both allegedly previously relied on the warranty to make claims for repair and relied on the warranty in their complaints.

Appellant timely appealed in all 30 cases and, where directed, complied with the trial court's orders to file Pa.R.A.P. 1925(b) statements. This Court consolidated all 30 cases.

Appellant presents two issues for our review:

(1) Did the trial court err as a matter of law by denying a petition to compel arbitration filed by [Appellant] when (a) the limited home warranty (on which [Appellees] rely to state their claims and have utilized in the past) contains a valid arbitration agreement; (b) [Appellees] are bound by the valid arbitration agreement that transferred to them with the home they subsequently purchased from the original home buyer either as third-party beneficiaries or by estoppel; and (c) the unlimited arbitration agreement expressly states that [Appellees'] claims are subject to arbitration?

(2) Did the trial court err as a matter of law by denying a petition to compel arbitration filed by [Appellant] when, contrary to the trial court's conclusions, (a) [Appellees] are bound by the arbitration provision whether or not they signed it, whether or not the agreement identifies them by name, and whether or not [Appellees] invoke third-party beneficiary status; and (b) [Appellees'] claims fall within the scope of the arbitration provision regardless of the label they use or the relief they seek?

Appellant's Brief at 11-12. Appellant's issues overlap, and both conclude that although Appellees were not original parties to the warranties, they are nevertheless bound by them. For ease of discussion, we address Appellant's various arguments *seriatim*, though in a different order than presented.

Preliminarily, we note the relevant standard of review and general principles of mandatory-arbitration clauses:

We review a trial court's denial of a motion to compel arbitration for an abuse of discretion and to determine whether the trial court's findings are supported by substantial evidence. In doing so, we employ a two-part test to determine whether the trial court

- 23 -

should have compelled arbitration. The first determination is whether a valid agreement to arbitrate exists. The second determination is whether the dispute is within the scope of the agreement.

Whether a claim is within the scope of an arbitration provision is a matter of contract, and as with all questions of law, our review of the trial court's conclusion is plenary. "The scope of arbitration is determined by the intention of the parties as ascertained in accordance with the rules governing contracts generally." "These are questions of law and our review is plenary."

Arbitration is a matter of contract, and parties to a contract cannot be compelled to arbitrate a given issue absent an agreement between them to arbitrate that issue. Even though it is now the policy of the law to favor settlement of disputes by arbitration and to promote the swift and orderly disposition of claims, arbitration agreements are to be strictly construed and such agreements should not be extended by implication.

*Elwyn v. DeLuca*, 48 A.3d 457, 461 (Pa. Super. 2012) (citations omitted).

Appellant asserts that the trial court erred in concluding that because Appellees did not sign the warranty or execute the TB Form 1302, there was no valid agreement compelling Appellees to arbitrate. Appellant maintains that as a matter of law, a signature is not required to bind a party to an arbitration agreement. Appellant's Brief at 62, *citing* **Pittsburgh Logistics Sys. v. B. Keppel Trucking, LLC**, 153 A.3d 1091, 1094 (Pa. Super. 2017). Appellant characterizes the TB Form 1302 as a "red herring"; while Appellant acknowledges that the warranty provides that a subsequent purchaser "should" submit the form, it reasons that it had discretion to waive that precondition and that it would not have denied any warranty claim based on a failure to submit the TB Form 1302. *Id.* Appellant further alleges that the

trial court's interpretation of the warranty — that a subsequent purchaser's execution of TB Form 1302 is a "condition precedent" for the transference of the warranty to the subsequent purchaser — is unreasonable. In support, Appellant reasons, without reference to applicable authority, that an original purchaser is "not likely" to "search through [his] paperwork to find that exact form to give to subsequent purchasers to sign," and instead, "[i]t is more likely that this form has been misplaced or forgotten." *Id.* at 65. We are not persuaded by Appellant's argument.

With respect to contract interpretation, this Court has stated:

The legal standards governing our review of the trial court's contract interpretation are axiomatic. "The interpretation of a contract is a matter of law and, as such, we need not defer to the trial court's reading of the [a]greement."

It is also well[-]established that under the law of contracts, in interpreting an agreement, the court must ascertain the intent of the parties.

In the cases of a written contract, the intent of the parties is the writing itself. If left undefined, the words of a contract are to be given their ordinary meaning. When the terms of a contract are clear and unambiguous, the intent of the parties is to be ascertained from the document itself. When, however, an ambiguity exists, parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is patent, created by the language of the instrument, or latent, created by extrinsic or collateral circumstances.

*Lenau v. Co-Exprise, Inc.*, 102 A.3d 423, 429 (Pa. Super. 2014) (citations omitted). "In general, only parties to an arbitration agreement are subject to arbitration." *Elwyn*, 48 A.3d at 461.

First, we examine Appellant's claim that, pursuant to **Pittsburgh Logistics Sys.**, 153 A.3d 1091, as a matter of law, a signature is not required to bind a party to an arbitration agreement. **See** Appellant's Brief at 62. Appellant presents no further discussion of the **Pittsburgh Logistics Sys.** decision. Our review of that case reveals that it is distinguishable. In that case, the plaintiff argued that because it never signed a contract with the defendant, and that the contract "was merely a draft agreement," the contract's mandatory-arbitration clause could not be enforced. **Id.** at 1093. This Court denied relief, observing, *inter alia*, that the contract language did not explicitly require the plaintiff's signature, where "the line preceding the signature lines state[d], 'In witness whereof, the parties, intending to be legally bound, have set their hands and seals the day and year first above written.'" **Id.** at 1094. This Court concluded: "This statement is not an express requirement for both parties' signatures. The phrase 'legally bound' constitutes consideration for the contract." **Id.** Appellant makes no reference to these facts in **Pittsburgh Logistics Sys.** and does not explain why that holding applies in this case.

Additionally, after careful review of the warranty, we agree with the trial court that pursuant to the plain language of several portions of the warranty, the warranty did not automatically transfer to a subsequent purchaser, but instead, the original purchaser or subsequent purchaser must execute TB Form 1302. **See** Trial Court Opinion, **Porter**, 7/24/18, at 5-6. Additionally,

once executed, TB Form 1302 required the parties to arbitrate any disputes.

As stated above, the warranty's definition of "homeowner" included a subsequent purchaser **who has executed** TB Form 1302:

> HOMEOWNER means the first person to whom a home is sold . . . and such person's successor in title to the home . . . **provided a Subsequent Home Buyer Acknowledgement and Assignment form (TB Form 1302) is signed by the subsequent homeowner**.

**See** Trial Court Opinion, **Porter**, 7/24/18, at 2 (some capitalization removed and emphasis added). Section VIII(B) provided that an original purchaser "**may** transfer" the warranty to a subsequent purchaser "provided that" either the original or subsequent purchaser notify Appellant in writing via TB Form 1302. **See id.** at 3. Section VIII(E) likewise provided that the limited warranty is binding on an original purchaser's "successor[ ] . . . **subject to paragraph B**." **Id.** Finally, TB Form 1302 itself provides that the warranty "is transferred to the subsequent homeowner . . . **[u]pon execution of this form**." **Id.**

Contrary to Appellant's claim, the warranty did not merely provide that a subsequent purchaser "should" execute TB Form 1032 for the warranty to transfer. **See** Appellant's Brief at 62. Instead, the warranty and TB Form 1032 clearly provide that the warranty would transfer if and when a subsequent purchaser executed TB Form 1032 and mailed it to Appellant. **See Lenau**, 102 A.3d at 429. Furthermore, the plain language of the warranty does not support Appellant's present claim that it "has the discretion to waive

that precondition." **See id.** Appellant does not point to, and our review has not revealed, any such provision in the warranty. Appellant's alleged willingness to overlook the lack of an executed TB Form 1032 (in order to honor a claim from a subsequent purchaser) does not nullify or modify the clear terms of the warranty, and importantly, does not bind Appellees to a contract they did not execute. **See Lenau**, 102 A.3d at 429 ("In the cases of a written contract, the intent of the parties is the writing itself."). It is undisputed that Appellees did not sign the warranty or execute TB Form 1032. Accordingly, we agree with the trial court that the warranty does not bind Appellees. **See Elwyn**, 48 A.3d at 461.

Next, Appellant avers that Appellees are bound by the warranty as third-party beneficiaries. In support, Appellant contends that the express language of the limited warranty indicates its and the original purchasers' intent to "include 'subsequent homeowners' as parties who could receive the benefits of the agreement." Appellant's Brief at 48-49 ("[T]he Limited warranty expressly confers benefits on subsequent homeowners."). Appellant maintains that "where an underlying agreement between contracting parties conveys benefits to third parties (whether named or unnamed) and requires the original parties to arbitrate any disputes, the third party likewise must arbitrate his or her disputes arising out the underlying agreement." **Id.** at 49.

As stated above, "[i]n general, only parties to an arbitration agreement are subject to arbitration." **Elwyn**, 48 A.3d at 461. "However, a nonparty,

such as a third-party beneficiary, may fall within the scope of an arbitration agreement if that is the parties' intent." *Id.* Our Supreme "Court has held that third party beneficiaries are bound by the same limitations in the contract as the signatories of that contract[;]" a third party beneficiary's "rights are vulnerable to the same limitations which may be asserted between the promisor and the promise." *Johnson v. Pennsylvania Nat'l Ins. Cos.*, 594 A.2d 296, 298-299 (Pa. 1991). A court employs the following test to determine whether an individual is a third party beneficiary to a contract:

> (1) the recognition of the beneficiary's right must be appropriate to effectuate the intention of the parties, and
>
> (2) the performance must satisfy an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

*Burks v. Fed. Ins. Co.*, 883 A.2d 1086, 1088 (Pa. Super. 2005), *citing Guy v. Liederbach*, 459 A.2d 744, 751 (Pa. 1983).

Appellant's third party beneficiary-argument is premised on the theories that pursuant to the terms of the warranty, (1) Appellant was automatically bound to honor any warranty claim by a subsequent purchaser; and (2) Appellees are automatically bound by the terms of the warranty. These suppositions, however, ignore the plain language of the warranty, which, as discussed above, did not impose any obligation on either Appellant (with respect a subsequent purchaser) or a subsequent purchaser, absent the subsequent purchaser's execution of TB Form 1032. Appellees do not gain

third-party beneficiary status simply because the plain language of the warranty provided that an original purchaser **may** transfer the warranty to a subsequent purchaser. Rather, Appellant was obligated to honor the terms of the warranty to Appellees **only if** Appellees executed TB Form 1032.

Appellant's next claim is that the trial court should have found the warranty transferred to Appellees by virtue of Appellees' own admissions in their pleadings. Appellant's Brief at 43. Appellant cites the statements in Appellees' complaints that, *inter alia*, Appellees were aware that Appellant offered 10-year warranties on the homes; Appellees "received a transferable warranty for" their homes; they relied on the warranties when purchasing their homes; and that Appellant extended transferable warranties to subsequent purchasers. *Id.* at 44.

Appellant relies on the following discussion in **Del Ciotto v. Pa. Hosp. of the Univ. of Penn Health Sys.**, 177 A.3d 335 (Pa. Super. 2017):

> Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party. Judicial admissions are deemed true and cannot be contradicted by the admitting party. If there is some support in the record for the truth of an averment, the trial court abuses its discretion if it disregards the admission. Such averments are binding on a party whether admitted by counsel or the client. Such admissions are considered conclusive in the cause of action in which they are made — and any appeals thereof, . . . — and the opposing party need not offer further evidence to prove the fact admitted.
>
> For an averment to qualify as a judicial admission, it must be a clear and unequivocal admission of fact. Judicial admissions are limited in scope to factual matters otherwise requiring evidentiary proof, and are exclusive of legal theories and conclusions of law.

> The fact must have been unequivocally admitted and not be merely one interpretation of the statement that is purported to be a judicial admission.

*See Del Ciotto*, 177 A.3d at 354 (citations omitted).

We note that generally, Appellees' complaints each spanned approximately 102 to 110 pages. Upon review, we agree with Appellant that the complaints stated, with slightly varying language, that Appellees "received a transferable warranty" for their homes from the original purchasers. *See e.g.*, Complaint, *Parnerkar v. Toll Brothers, Inc.*, 10/27/17, at 27; Complaint, *Ross v. Toll Brothers, Inc.*, 9/18/17, at 27; Complaint, *Sunkara v. Toll Brothers, Inc.*, 10/27/17, at 26; Complaint, *Zavalny v. Toll Brothers, Inc.*, 10/29/17, at 28. However, we disagree that these statements alone — that Appellees "received" the warranties — constituted judicial admission that Appellees accepted, or were bound by, the terms of the warranties. Appellees' complaints also averred that they "relied upon the existence of a warranty and the representations in the warranty concerning [Appellant's] acknowledged obligation to comply with building code[ ] **as reasonable evidence that the Home was constructed properly and in compliance with the building code, local ordinance, and industry standards**." *See e.g.*, McFadden's Complaint, 5/21/18 at 26. Reading Appellees' statements in context, Appellees relied on the warranty as evidence that Appellant constructed the homes in accordance with industry standards and local regulations. We also consider Judge New's analysis of Appellant's

claim:

> [Appellant] argues Appellees are bound by the Limited Warranty because they availed themselves of its benefits by relying on its language in their respective Complaints. According to [Appellant], Appellees cannot have their proverbial cake and eat it too by simultaneously relying on the terms of the Limited Warranty while avoiding its arbitration clause. It is true the Complaints make reference to the Limited Warranty. For instance, in the UTPCPL count, Appellees aver "reasonable and justifiable reliance on the fact that the Home was warranted by [Appellant.[FN]]. In the negligent misrepresentation count, Appellees "materially and reasonably relied upon [Appellant's] misrepresentations when they . . . received, reviewed, and relied upon the warranty, written marketing and advertising materials and [Appellant's] website." In the fraud count, "[Appellant] made representations in the warranty extended on the Home that it was obligated by law to comply with Applicable [B]uilding Code and so complied with Applicable Building Code."
>
> _____
> [FN] The corresponding paragraphs in each Appellees' respective Complaint are variable, but the allegations in each Complaint are substantially similar.
>
> _____
>
> The Court finds this argument unpersuasive. The references to the Limited Warranty allege Appellees' justifiable reliance on a warranty publicly advertised by [a] well-known, publicly-traded homebuilder. However, justifiable reliance on its own is not enough to support [Appellant's] argument. Coverage under the Limited Warranty was expressly conditioned on the execution of TB Form 1302. Holding Appellees to the terms of the Limited Warranty merely because their Complaints make reference to it would render the [requirement of a subsequent purchaser to execute TB Form 1302] meaningless.

Trial Court Opinion, **Porter**, 7/24/18, at 10-11 (citations to record and one footnote omitted).

Appellant next alleges that because Appellees previously availed themselves of the warranties, they are estopped from disclaiming the

mandatory-arbitration clause in the warranties. Appellant reiterates that Appellees "rel[ied] predominately on statements in the Limited Warranty to assert the claims in their complaints." Appellant's Brief at 52. This argument is meritless for the reasons discussed above regarding Appellant's judicial-admissions claim. Appellant further contends, with respect to "at least" 15 of the homes, that some Appellees previously submitted claims under the warranties.[6] Appellant reasons that these Appellees "cannot have their cake and eat it too." *Id.*

Our Supreme Court has stated:

> Equitable estoppel applies to prevent a party from assuming a position or asserting a right to another's disadvantage inconsistent with a position previously taken . . . the person inducing the belief in the existence of a certain state of facts is estopped to deny that the state of facts does in truth exist, over a different or contrary state of facts as existing at the same time, or deny or repudiate his acts, conduct or statements.

> \* \* \*

> It is well established . . . that the burden rests on the party asserting the estoppel to establish such estoppel by clear, precise and unequivocal evidence."

---

[6] Appellant identifies the following Appellees as having previously submitted claims under the warranties: Manoj and Chetana Prasad; Andrew Turk; Venka Reddy and Anitha Badvelu Sunkaras; Igor Zavalny and Tamara Volkova; Michael A. and Ingrid C. Ziskind; Aaron and Suzanne Carlson; Benjamin and Evelyn Lacson; Thomas and Caglayan DeAngelo; Kevin and Angela Marcianos; Meng and Lisa C. Kouch; James and Kimberly Wojnicki; James and Tracy Cooke; Richard and Kristin Orlando; Timothy and Cynthia Welch; and James McFadden. *See* Appellant's Brief at 53 & n.15.

***Novelty Knitting Mills, Inc. v. Siskind***, 457 A.2d 502, 504 (Pa. 1983) (citation omitted).

Appellant relies on the federal district court opinion in ***Scottsdale Ins. Co. v. Kinsale Ins. Co.***, 253 F.Supp.3d 796 (E.D.Pa. 2017) (***Scottsdale***), for the proposition that "Pennsylvania contract law does not permit a party 'to claim the benefits of the contract and simultaneously avoid its burdens,'" and that "this sort of 'cherry picking' is 'precisely the situation the doctrine of equitable estoppel seeks to prevent.'" Appellant's Brief at 52. In ***Scottsdale***, the insurance indemnification case was "removed to federal court on the basis of diversity," where the plaintiff was an Ohio corporation having its principal place of business in Arizona and the defendant was an Arkansas corporation with its principal place of business in Virginia. ***Scottsdale***, 253 F.Supp.3d at 797, 799 & n.3. The defendant filed a motion to compel arbitration, based on an arbitration agreement in its policy. ***Id.*** at 799. The Court of the Eastern District of Pennsylvania noted that the arbitration agreement was governed by the Federal Arbitration Act (FAA) and decided the issue solely on decisional authority of the Third Circuit and other federal courts. ***Id.*** at 799-803. Appellant also relies on ***E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.***, 269 F.3d 187 (3d Cir. 2001) (***DuPont***), for the principle that "a non-signatory [of an agreement] cannot embrace [the] agreement **or** receive direct benefits under it, but avoid the burdens of that agreement." Appellant's Brief at 52 (emphasis in original).

*DuPont*, however, discussed the FAA and federal circuit decisions. *DuPont*, 269 F.3d at 194.

Appellant does not expand upon why the federal authority in *Scottsdale* and *DuPont*, which discussed mandatory-arbitration clauses subject to the FAA, are applicable to this case. In the absence of such discussion, we do not address the merits of Appellant's *DuPont* and *Scottsdale* arguments.

Finally, Appellant alleges that the trial court erred in finding that Appellees' claims were not within the scope of the mandatory arbitration-clause. Because we conclude that Appellees were not bound by the clause, we do not reach this issue.

For the foregoing reasons, we affirm the orders entered in the 30 consolidated cases denying Appellant's petitions to compel arbitration.

Orders affirmed.

Judge Pellegrini joins the opinion.

Judge Kunselman files a concurring opinion.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 8/21/2019*